OPINION
On May 14, 1999, appellant, Joann Mitchell, filed an administrative appeal and a complaint in the Geauga County Court of Common Pleas, contesting the denial of her claim for worker's compensation. In her complaint, appellant alleged that she injured her right knee, on June 6, 1998, while employed by appellee, Carlisle Engineering Products ("Carlisle"), in Chardon, Ohio.
A jury trial was held on March 20 and 21, 2000. At the trial, the evidence revealed that appellant's job at Carlisle required her to cut, inspect, and pack drain hoses for automobiles. The hoses are about four feet long, but it is unclear how heavy they are. Appellant's job required her to cut the hoses using an electrical saw and put them on a rack over the machine. When she had a bundle of at least twenty cut hoses, she would turn and put it in a container on the floor to her right. Appellant testified that her injury occurred as she was turning to put a bundle of hoses in a container. Two of appellant's coworkers testified that on the day of the injury, they heard a pop and appellant screaming in pain, but did not see how her injury occurred. After the injury occurred, appellant asked her supervisor if she could go home because her knee hurt, but did not tell him about the incident. She did not fill out an accident report until a few days after the incident.
Appellant was treated by Dr. Michael J. Jurenovich, who diagnosed her as having a torn meniscus in her right knee. Appellant had three surgeries on her knee within a year of her injury, the last one being a complete knee replacement. Dr. Jurenovich testified by videotaped deposition. The trial court sustained numerous objections to his testimony that it was his opinion that appellant's injury occurred at work. His basis for that opinion was that appellant told him that she had injured her knee at work. On cross-examination, Dr. Jurenovich testified that he did not know the nature of appellant's employment and that appellant had not described for him the exact cause of her injury, twisting of the knee. Dr. Jurenovich testified that he had not seen and did not rely on the emergency room report. He also testified that because appellant was overweight, she was at a higher risk of suffering a torn meniscus without a traumatic injury.
Dr. Daniel Mazanec testified that he examined appellant at the request of appellee. He testified that appellant had osteoarthritis in her knees and synovitis, an abnormally inflamed lining of the joint. His opinion was that appellant's knee problems were caused by a degenerative knee condition, not from a work injury. Dr. Mazanec based his opinion on his examination of appellant and a review of her past medical records, which revealed that her arthritis was apparent in December 1996. Dr. Mazanec testified that an MRI report showed that her right meniscus was intact shortly after the injury.
On March 22, 2000, the jury returned a verdict in favor of appellee. Appellant assigns the following error on appeal:
 "The trial court improperly excluded testimony of Plaintiff's treating doctor."
 Appellant asserts that she had the right to have her treating doctor give his opinion on the causal relationship between her employment and her injury. She argues that the trial court erred by refusing to admit Dr. Jurenovich's testimony that was based on a direct personal examination. In support of her argument, appellant cites Evid.R. 703, Evid. R. 705[1], and Lambert v. Goodyear Tire Rubber Co. (1992), 79 Ohio App.3d 15, 606 N.E.2d 983 (holding that physicians may base their expert opinions on direct personal examinations).
 The standard to be applied with respect to the trial court's decisionto admit or exclude evidence rests within the sound discretion of thetrial court. Id. To obtain a reversal of that decision, the appellantmust demonstrate an attitude that is unreasonable, arbitrary orunconscionable. AAAA Enterprises, Inc. v. River Place Community UrbanRedevelopment Corp. (1990), 50 Ohio St.3d 157, 161.
The trial judge admitted Dr. Jurenovich's entire deposition with the sole exception of his opinion on causation. He was qualified as an expert witness, but he did not qualify his opinion on the issue of causation by complying with the terms of Evid.R. 703 and Evid.R. 705.
Under Evid.R. 705, an expert can give an opinion only after disclosing the underlying facts or data upon which the opinion was based.
Under Evid.R. 703, those facts or data can be either observed by the expert personally or admitted in evidence at the hearing.
Appellant's emergency room medical records were properly admitted into evidence at trial. These records described how appellant began to have pain in her knee as she moved side to side on the assembly line. Dr. Jurenovich was asked directly in his deposition whether he had relied on the emergency room records in forming his opinion. He flatly denied relying on the emergency room records, or even having seen the records. Dr. Jurenovich also testified that he had not heard about appellant's statement to the emergency room doctors, that she hurt her knee while moving side-to-side on the assembly line, until appellee's counsel cross examined him about it during the deposition — after he had given his opinion.
At his deposition, Dr. Jurenovich testified that he based his opinion on appellant's statement that she injured herself at work. He did not know what appellant did at work to cause the injury or explain in his testimony how the type of work in which appellant was engaged could cause such an injury. Thus, his opinion was essentially a recitation of appellant's hearsay statement, and not an opinion that would be helpful to the jury.
While the hearsay statement was admissible, under Evid.R. 803(4), Dr. Jurenovich's mere recitation of appellant's statement that she hurt her knee at work does not constitute testimony relating to matters beyond the knowledge or experience of the average lay person. Evid.R. 803(4); Evid.R. 702(A). The jury had before it the testimony of appellant and two of her co-workers concerning the circumstances surrounding the day she claimed to have injured her leg. Dr. Jurneovich's non-expert testimony that appellant told him she injured her leg at work would do nothing to strengthen her claim and could prejudice appellee, by giving that statement the appearance of an expert opinion. Appellant's sole assignment of error is without merit.
Based on the foregoing reasoning, the judgment of the Geauga County Court of Common Pleas is affirmed.
____________________________ JUDGE ROBERT A. NADER
O'NEILL, P.J., dissents with dissenting opinion, CHRISTLEY, J., concurs.
[1] Evid.R. 703 states:
 "The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by him or admitted in evidence at the hearing."
Evid.R. 705 states:
 "The expert may testify in terms of opinion or inference and give his reasons therefor after disclosure of the underlying facts or data. The disclosure may be in response to a hypothetical question or otherwise."